## VONSIATSKY v. ADMIRAL FARRAGUT ACADEMY.
No. 67793.

Circuit Court, Pinellas County.
July 10, 1964.

Roney & Beach, St. Petersburg, for the plaintiff.

Thomas M. Harris of Harris & Harris, St. Petersburg, for the defendant.

JAMES T. SMITH, Circuit Judge.

*Final decree:* This cause coming on for hearing upon the complaint of the father of Cadet Andre Vonsiatsky, and the court having heard and taken testimony on the 27th day of December, 1963, the 3rd day of March, 1964, and the 5th day of May, 1964, and the court having previously ruled that a mistake as to the health of the student was a unilateral mistake due to the fact that the admission of the student was made by the academy upon the parents' representations of the student's health and not upon the medical report, which was submitted after the student was accepted, the court now enters the following findings of fact and law —

The court has heard arguments of law and three days of testimony concerning the second paragraph of the defendant's contract which reads —

"The running expenses of an educational institution such as this are practically fixed charges, and no gain accrues to the institution on account of any vacancy which may occur during the above prescribed period. For these reasons students are enrolled only upon the express condition that they remain at the Academy until the end of that period, unless dismissed for breach of school discipline or inaptitude. In case of such dismissal, or in case of voluntary withdrawal, no rebate will be made on account of tuition fees or other charges; and any money already paid to the Academy on account of tuition fees or other charges, shall be retained by it as earned . . . "

The general law on the subject appears to be well stated in 69 A.L.R. 714 —

"Although a few cases assert different views, it has been held generally that, where a contract for schooling is for a specified period, for which a definite payment is to be made, even where it covers board as well as tuition, and there is no general stipulation for a deduction or refund in the event of inability to attend (and particularly if the contract provides that no deduction will be made for absence), the entire contract price becomes payable, regardless of nonattendance by the pupil or student for part or all of the time, at least where the failure to attend is not excused by some fault upon the part of the school itself or someone connected with it, — the explanation for this being that the contract is an entire one, and the reason for the nonattendance is not material; illness, for example, not affording relief from the contract."

The court finds this to be the law. However, the court did earlier rule that if the plaintiff could show that the above quoted paragraph of the defendant's contract with the plaintiff was an attempt to assert a penalty against the plaintiff as was pleaded, then, in that event, said clause would not represent liquidated damages or a bona fide attempt to ascertain in advance the loss resulting to the school by a student's withdrawal or dismissal. Under this earlier ruling, testimony was taken, and from the testimony, it clearly appears that the tuition referred to in the second paragraph of the academy's contract above quoted is comprised of the fixed expenses of the academy. The items such as linen and uniforms, upon which the school might ordinarily obtain a savings by the absence of a student, are extras and not included in the tuition.

It clearly appears from the testimony that no ascertainable gain will accrue to the academy on the items covered by the tuition, for these are all fixed expenses and will continue regardless of the presence or absence of a cadet in the academy.

The court has closely examined the question of whether or not there is a food saving to the academy due to the absence of a student, and the court finds that due to the large number of students in the academy the food costs are not ascertainably diminished by the presence or absence of one student. The court, therefore, finds that the second paragraph of the contract of the Admiral Farragut Academy above quoted is a fair estimate of actual damages to the academy and is not, in any way, a penalty or forfeiture.

The court further finds that the catalog, catalog supplement and regulations of the academy are distributed to each parent or guardian without exception, and that said catalog, catalog supplement and regulations constitute a part of the contract of Admiral Farragut Academy.

In this particular case, the student was withdrawn from Admiral Farragut Academy due to medical difficulties. Some recent cases, such as the case of Horton v. Cook, 181 Ark. 806, 27 S.W.2d 1017, 69 A.L.R. 709, have deviated from the rules stated in the above quoted 69 A.L.R. annotation and have held, that in the event of a student's inability to attend the school for medical reasons, the liquidated damage clause does not apply, the reasoning being that the performance of the contract was prevented by a cause beyond the control of either party and not in the contemplation of the parties. However, even this case has recognized that the parties may specifically contract to assume the risk of loss occasioned by illness or other act of God.

In the case of Vidor v. Peacock, 145 S.W. 672, it was specifically recognized that this withdrawal may be conditioned upon the approval of a local doctor.

A pertinent portion of the defendant's contract reads as follows —

"When it is necessary for a Cadet to be withdrawn from the Academy for medical reasons upon the recommendation of our medical department, a credit of $20 per week will be allowed for the remainder of the academic year."

In view of the above cited cases, the court specifically holds that this provision of the contract is reasonable and fair and constitutes an agreement as to the assumption of risk of loss in the event of the inability of the cadet to attend the academy due to illness and the provision requiring the approval of the medical staff of the academy is reasonable in the absence of proof that the medical staff or approved doctor of the academy unreasonably withheld approval.

In the event of a refusal of the local medical staff to approve, the burden of proof would be upon the defendant to show the unreasonable withholding of approval.

In this case, the academy specifically admitted at the trial that the plaintiff is entitled to a medical discharge, and therefore, this court holds that the student is entitled to a $20 per week refund as shown by the accounting of the academy.

The attorneys for both parties have examined the account of Admiral Farragut Academy and have stipulated that said account is correct, and have further stipulated that the sum of $500 is due from the defendant to the plaintiff.

It is, therefore, ordered, adjudged and decreed that the contract of Admiral Farragut Academy is a fair and valid contract. It is further ordered, adjudged and decreed that the defendant shall pay to the plaintiff the agreed sum of $500, which sum represents the balance due from the defendant to the plaintiff.